UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| STEPHANIE STEIGERWALD, *on behalf of herself and the class*, | : : : : | CASE NO. 1:17-CV-1516 |
| Plaintiffs, | : : |  |
| vs. | : : | OPINION & ORDER [Resolving Doc. 50] |
| NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | : : : : |  |
| Defendant. | : : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this class action lawsuit, Plaintiffs claim that Defendant Social Security Administration ("SSA") failed to properly calculate and pay social security benefits. Plaintiffs now move for summary judgment regarding liability on the sole count of the complaint.[1] For the following reasons, the Court **GRANTS** Plaintiffs' motion.

## I. Background

The mechanics of the alleged underpayment are fairly byzantine. Before this lawsuit, Defendant had found Plaintiffs eligible for both retroactive disability benefits under Title II of the Social Security Act and retroactive supplemental security income ("SSI") under Title XVI of the Act. Plaintiffs retained an attorney or representative to help them obtain benefits, and chose to have the SSA pay their attorney fees from their awarded benefits.

---

[1] Doc. 50. Defendant opposes. Doc. 52. Plaintiff replies. Doc. 54.

Case No. 1:17-cv-1516
Gwin, J.

The recipient's income impacts both eligibility for SSI benefits and the amount of SSI benefits.[2] Title II disability payments become income for calculating SSI benefits.[3] The disability benefit payments become income that must be considered when calculating the right to SSI benefits and when calculating the amount of those SSI benefits.

For this reason, the Social Security Administration adjusts claimants' retroactive SSI retirement payments to account for Title II disability income when they qualify for both retroactive Title II disability payments and SSI benefits. The Social Security Administration calls this the "Windfall Offset Calculation."[4]

So far, so good. This case focuses on a problem that can occur when a claimant chooses to pay her legal fees out of their retroactive Title II disability benefits.[5]

The Social Security Administration often pays attorney fees well after the Social Security Administration has set the SSI retirement benefit payment level. However, after paying disability claimant's attorney fees, the Social Security Administration then reduces the monthly Title II disability benefit to recoup the attorney fee payment.

But because Title II disability benefits reduce with the attorney fee award, the SSI retirement benefit should rise because the claimant no longer has the same amount of disability payment income. Simply described, the Social Security Administration considers the Title II disability benefit when calculating the monthly SSI retirement benefit amount.

---

[2] *See* 42 U.S.C. § 1320a-6.
[3] 20 C.F.R. § 416.1123(b)(3) ("If you receive a retroactive check from a benefit program other than SSI, legal fees connected with the claim are subtracted [from income].").
[4] *See, e.g.*, Social Security Agency Program Operations Manual System ("POMS") SI 02006.202(b)(5).
[5] POMS SI 02006.202

Plaintiffs say the SSI retirement benefits should have increased after the Title II disability monthly benefit fell after the attorney fee award.

Because the attorney fee payment reduces the recipient's income, the attorney fee monthly reduction may increase the recipient's SSI retirement benefit amount.

Thus, Plaintiffs argue that the Social Security Administration should twice perform the Windfall Offset Calculation: once when the claimant is awarded retroactive benefits, and again when the claimant's representative fees are paid out of their Title II benefits and the claimant's monthly benefits are reduced to recoup the attorney fee award. The Plaintiffs call this second Windfall Offset Calculation the "Subtraction Recalculation."[6]

Plaintiffs claim that they should receive increased SSI benefits because the Social Security Administration failed to perform the Subtraction Recalculation. Based on class discovery, Plaintiffs estimate that the Social Security Administration did not perform the Subtraction Recalculation for 37,675 class period claimants. If true, that would mean that the Social Security Administration did not do the Subtraction Recalculation in 39% of the cases where it should have performed the Recalculation.

Plaintiffs now move for summary judgment on the sole count of their complaint.

II.     Discussion

Summary judgment should be given where the movant has demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[6] Defendant also adopts this terminology in their briefing. *See* Doc. 52 at 2 n.1.

Case No. 1:17-cv-1516
Gwin, J.

matter of law."[7]  The Court views the facts and draws all inferences "in the light most favorable to the party opposing the motion."[8]

**A. Plaintiffs are Entitled to Summary Judgment on Count One of the Complaint**

In their complaint, Plaintiffs sue under 42 U.S.C. § 405(g), claiming that federal law[9] required the Social Security Administration to do the Subtraction Recalculation.  They request an order requiring the Social Security Administration to perform the Subtraction Calculation and to make retroactive payments to class members within ninety days.

Plaintiffs argue that they are entitled to summary judgment because Defendant has conceded that the Social Security Administration must perform the Subtraction Recalculation and conceded that the Social Security Administration has failed to do so.

In responding to an interrogatory, the Social Security Administration described individual class members in "Category I"[10] as people for whom "after the amount of [attorney fees] was determined and paid out of retroactive benefits, Social Security Administration has not yet recalculated the windfall offset and therefore *has not issued an underpayment due.*"[11]  Plaintiffs argue that this language admits that federal law requires Social Security Administration to perform the Subtraction Recalculation and that Plaintiffs have been underpaid as a result.

---

[7] Fed. R. Civ. P. 56.
[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[9] See 42 U.S.C. § 1320a-6; 20 C.F.R. § 416.1123(b)(3); POMS SI 02006.200.
[10] The SSA has sorted the class members into two categories.  "Category I" is comprised of class members who would potentially be eligible for past-due SSI benefits had the SSA performed the Subtraction Recalculation.  "Category II" is comprised of individuals who would not receive any past-due benefits had SSA performed the Subtraction Recalculation.  *See* Doc. 50-2.
[11] Doc. 50-2 at 1.

Case No. 1:17-cv-1516
Gwin, J.

The Court agrees. This response clearly admits that an underpayment is "due" (i.e., owed) to Category I Plaintiffs.

Defendant does not dispute that federal law requires it perform the Subtraction Recalculation. Nor does it deny that it did not do the Subtraction Recalculation for Plaintiffs.

Rather, Defendant mostly argues that Plaintiffs fail to show that its error results from a systematic Social Security Administration pattern and practice. Relying upon the Sixth Circuit decision *Unan v. Lyon*,[12] Defendant contends that the Plaintiffs are not entitled to summary judgment unless they can show a systemic error caused the underpayment.

*Unan* is not on point. In *Unan*, a class action Plaintiffs alleged that a systematic computer error caused the Department of Health and Human Services to wrongly deny comprehensive Medicaid eligibility.[13] Shortly after Plaintiffs brought suit, the Department reprocessed 16,000 Plaintiff cases and stated that it had corrected the computer error.[14] Despite Plaintiffs' protest that new claimants were still being wrongly denied comprehensive coverage, the district court granted summary judgment to the Department because "there [were] no potential plaintiffs remaining to whom it could issue prospective relief."[15]

The Sixth Circuit reversed, holding that Plaintiffs had raised an issue of material fact with regard to ongoing coverage denials. That is, there was a dispute whether the denials were due to human error or a systematic computer malfunction. On the facts of that case,

---

[12] 853 F.3d 279 (6th Cir. 2017).
[13] *Id.* at 283
[14] *Id.* at 284.
[15] *Id.* at 290.

5

Case No. 1:17-cv-1516
Gwin, J.

Plaintiffs needed to raise issues of systematic error because there was no reason to grant prospective relief without risk of a continuing pattern and practice.

In contrast, Plaintiffs here seek to remedy Defendant's *past* errors. Defendant has admitted that it pervasively did not perform the required Subtraction Recalculation. There is no reason for Plaintiffs to prove a systematic reason for Defendant's failure.

Plaintiffs show that there is no genuine issue as to whether Defendant failed to conduct the legally required Subtraction Recalculation. Thus, the Court grants Plaintiffs summary judgment on their complaint.

**B. Plaintiffs' Counsel Are Eligible For Attorney's Fees Under 42 U.S.C. § 406(b)**

Plaintiffs' attorneys request this Court rule on how attorney fees might be paid. The parties disagree regarding the law that should be used to decide attorney fees. Plaintiffs say that the Court should award attorney fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). Defendants respond that the Equal Access to Justice Act, 28 U.S.C. § 2412(d), controls any award of fees in a class action concerning Social Security benefits.

Plaintiffs' counsel request fees under 42 U.S.C. § 406(b)(1)(A), which provides in relevant part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

To this Court's knowledge, no other circuit decision has faced this question. The availability of § 406(b) fees in this context appears to be a matter of first impression. The Court knows of only one other case addressing this issue: the District of Columbia District Court in *Greenberg v. Colvin.* In that case, a district court held that Plaintiff class action

6

Case No. 1:17-cv-1516
Gwin, J.

counsel who had challenged the Social Security Administration's Windfall Offset Calculation were eligible for § 406(b) fees.[16]

Defendant argues that Plaintiffs' counsel are not eligible for § 406(b) fees for three reasons. First, Defendant argues that § 406(b) fees are not available when a court awards *additional* past-due benefits. With this argument, the Social Security Administration argues that an order directing the Social Security Administration perform the Subtraction Recalculation would not "entitle" the class members to past-due benefits. It would merely direct the Social Security Administration to give additional past-due benefits to which they are *already* entitled because of an earlier eligibility decision.

Defendant's logic puzzles. On one hand, Defendant vigorously denies that Plaintiffs are "*entitled* to relief whatsoever" in this case.[17] On the other hand, it now insists that Plaintiffs will not become entitled to anything at all by reason of a favorable judgment.

In one sense, it is true that Plaintiffs are entitled to money independently of this suit, because the SSA is legally obligated to perform the Subtraction Recalculation. But this is also true where a Plaintiff establishes their legal right to receive disability benefits in the first place. And as the language of the statue shows, their legal *entitlement* to these past-due benefits arises "by reason of" that favorable judgment. A judgment in this case is what "grant[s] a legal right" to these benefits.[18]

---

[16] 63 F. Supp. 3d 37, 49 (D.D.C. 2014) (holding that § 406(b) fees are available in the class action context).
[17] *See* Doc. 17 at 14 ("Defendants deny that Plaintiff is *entitled to any relief whatsoever* . . . ." (emphasis added)). *See also* Doc. 18 (moving to dismiss the case on jurisdictional grounds); Doc. 52 (opposing Plaintiffs' motion for summary judgment).
[18] *Entitle*, Black's Law Dictionary (8th ed. 2004).

7

Case No. 1:17-cv-1516
Gwin, J.

Secondly, Defendant argues that Plaintiffs are not "claimants" under § 406(b). Though the Social Security Act does not define the term "claimant," the statute does at points differentiate between "claimants" and "beneficiaries."[19] Because Plaintiffs are recipients of benefits under the act, Defendant argues that they are only "beneficiaries" and not "claimants."

As a matter of plain meaning, Plaintiffs are "claimants" because they are *making a claim* for past-due SSI benefits. And there is nothing in the Social Security Act showing that the terms "claimant" and "beneficiaries" are mutually exclusive. More sensibly, Plaintiffs are both "claimants" and "beneficiaries" under the act. That is, they are "claimants" with respect to the past-due benefits they are seeking and "beneficiaries" with respect to the benefits they have already received.

Finally, Defendant argues that a § 406(b) fees award would be unjust because it would force class members to pay fees twice for "the same award of benefits." That is, class members "would be placed in the novel and untenable position of paying attorney's fees *again* on an existing award of benefits on which they have already paid fees to the representatives who helped them obtain that award."[20]

This argument is also wrong, because Plaintiffs will not be paying fees twice on the same award. They will have paid fees on two different awards: once for their original

---

[19] *Compare* 42 U.S.C. § 503(a)(10) (discussing circumstances under which a "claimant" may have obtained reemployment services), *and id.* § 405(g) (explaining that judicial review of Social Security determinations may be limited "because of failure of the claimant . . . to submit proof in conformity with any regulation" under the subchapter), *with id.* 403(a)(1) (describing the maximum "total monthly benefits to which beneficiaries may be entitled" under the act).
[20] Doc. 52 at 10.

8

Case No. 1:17-cv-1516
Gwin, J.

award of past-due benefits, and again for any *additional* benefits awarded as a result of this suit.

It may be unfortunate that Plaintiffs had to bring suit twice to obtain the full amount of past-due benefits owed them. If the SSA had performed the Subtraction Recalculation of its own initiative, then Plaintiffs would not have had to pay fees out of benefits. But there is no more injustice in this case than in any other situation where Plaintiffs must hire counsel to vindicate their rights.

Thus, the Court joins the *Greenberg* court in holding that Plaintiffs' counsel are eligible § 406(b) fees, in an amount to be decided at a later date. Plaintiffs' counsel may also be simultaneously eligible for fees under the Equal Access to Justice Act, 42 U.S.C. § 2412(d).[21] The Court does not decide their eligibility under this act at this time. Plaintiffs' counsel may move for fees under this Act later.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for summary judgment. The Court **ORDERS** Defendant to perform the Subtraction Recalculation for Plaintiffs and pay any past-due benefits to Plaintiffs within ninety days.

Dated: January 25, 2019
s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[21] *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795-6 (2002) (explaining that counsel may receive § 406(b) fees and EAJA fees for the same representation).

9