UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
STEPHANIE STEIGERWALD, :
*on behalf of herself and the class*, :
: CASE NO. 1:17-CV-1516
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 96]
NANCY BERRYHILL, ACTING :
COMMISSIONER OF SOCIAL :
SECURITY, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Acting Social Security Commissioner moves to amend the Court's January 25, 2019 judgment to allow them more time to recalculate Plaintiffs' social security benefits.[1]

For the following reasons, the Court **GRANTS** Defendant's motion. Defendant shall have eight months from January 25, 2019 to comply with the Court's order.

## I. Background

The Social Security Administration found that Plaintiffs were entitled to past-due benefits. Plaintiffs claim that the Social Security Administration underpaid them because it failed to perform a required recalculation—the "subtraction recalculation"—after Plaintiffs paid their attorneys' fees out of these past-due benefits.[2] On January 25, 2019, the Court

---

[1] Doc. 96. Plaintiffs oppose. Doc. 98. Defendant replies. Doc. 99.
[2] The arcane mechanics of the underpayment are described in greater detail in the Court's previous order. *See* Doc. 88.

Case No. 1:17-CV-1516
Gwin, J.

granted summary judgment to Plaintiffs on the sole count of their complaint and ordered Defendant to perform the subtraction recalculation for Plaintiffs within 90 days.

## II. Discussion

### A. The Court Has Jurisdiction to Grant Injunctive Relief

Defendant argues that the Court does not have jurisdiction under 42 U.S.C. § 405(g) to grant injunctive relief. The Secretary argues that § 405(g) only authorizes judgments "affirming, modifying, or reversing the decision of the Secretary," and there is no such final decision in this case. Defendant says that "[t]he question before this Court . . . is not the validity of the initial benefits determination, but the *absence* of an action to recalculate once fees are paid."[3] Put differently, the Secretary argues that the Court lacks power to remedy omissions, because the Administration's failure to follow its own regulations is not a decision at all.[4]

Defendant is wrong. First, the Court's order *modifies* a final decision of the Secretary—namely, the Secretary's favorable benefits determination. When the Administration finalized attorneys' fees, it potentially increased the amount of past-due benefits owed to Plaintiffs because of that initial determination. By ordering the Secretary to perform the subtraction recalculation, the Court thus changed this initial determination.[5] In other words, the court-ordered subtraction recalculation is the means to accomplish this modification to the initial benefit determination. And in *Califano v. Yamasaki*,[6] the

---

[3] Doc. 99 at 13 (emphasis added).
[4] *See Id.* at 14 ("The failure to recalculate, moreover, is a failure to issue any decision on the recalculation whatsoever.").
[5] *See Livermore v. Heckler*, 743 F.2d 1396, 1405 (9th Cir. 1984) (holding that district court had jurisdiction to order recalculation of benefits).
[6] 442 U.S. 682, 705 (1979) (holding that federal courts have "equitable power to issue injunctions in suits over which they have jurisdiction").

-2-

Case No. 1:17-CV-1516
Gwin, J.

Supreme Court held that district courts have jurisdiction under § 405(g) to grant such injunctive relief.

Further, Defendant's argument that district courts lack § 405(g) jurisdiction to remedy omissions is incorrect. For example, in *Blankenship v. Secretary of HEW*, the Sixth Circuit held that the district court had jurisdiction to issue injunctive relief for a claim that the Secretary had failed to schedule a hearing within a reasonable time after a claimant's request.[7] And in *Shisler v. Heckler,* the Second Circuit affirmed injunctive relief remedying the "*failure* of the SSA to inform its adjudicators of its true [treating physician rule] policy."[8]

Finally, as the Supreme Court stated in *Mathews v. Eldridge*, § 405(g) is to be construed broadly, "so as not to cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered."[9] Section 405(g)'s purpose is to prevent courts from circumventing "an orderly administrative mechanism" and to establish judicial review timing, not to insulate administrative omissions from judicial scrutiny.[10]

B. The Court Grants Defendant's Motion to Amend the Judgment

Defendant now presents evidence suggesting that it will require significant departmental resources to complete the subtraction recalculation for the 129,695 class members.[11] Defendant submits a declaration from Associate Commissioner Janet Walker stating that the process cannot be automated, because the electronic systems used to

---

[7] 587 F.2d 329, 332 (6th Cir. 1978) (ordering the Secretary to conduct rule-making establishing reasonable time limits for conducting hearings).
[8] 787 F.2d 76, 84 (2d Cir. 1986) (emphasis added) (ordering SSA to instruct its adjudicators about the proper application of the treating physician rule).
[9] 424 U.S. 319, 311 n. 11 (1976).
[10] *Califano v. Sanders*, 430 U.S. 99, 102 (1977).
[11] The Court's summary judgment decision, relying on outdated interrogatory responses, misstated the size of the class.

Case No. 1:17-CV-1516
Gwin, J.

administer the two applicable benefit programs do not interface.[12] She also states that only specialized employees can perform the subtraction recalculation, and it takes them over four hours to complete the process for each claimant.[13] Dedicating all these specialized employees to completing the subtraction recalculation in 90 days, Defendant states, would deprive the public of needed services.[14]

Under Federal Rule 59(e),[15] the Court may alter or amend its judgment to prevent "manifest injustice."[16] Here, Defendant Commissioner sufficiently shows that providing relief within 90 days to all class members will strain public resources. The Commissioner's evidence regarding the time-intensive nature of the recalculation shows that this is one of the unusual circumstances justifying Rule 59(e) relief.[17]

### III. Conclusion

For the reasons stated, the Court **AMENDS** its order as follows: Defendant shall perform the subtraction recalculation within eight months from January 25, 2019.

IT IS SO ORDERED.

Dated: April 1, 2019             *s/ James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[12] Doc. 96-2 at 6.
[13] *Id.* at 8-11.
[14] *Id.* at 14.
[15] Fed. R. Civ. P. 59(e).
[16] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)
[17] Rule 59(e) relief is to be "sparingly" granted given the need for finality. *See Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004). However, given that the requested amendment will delay (rather than deny) relief, the finality concerns weighing against relief are less strong here.

-4-