UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| STEPHANIE LYNN STEIGERWALD, *on behalf of herself and the class*, | : : : | CASE NO. 1:17-cv-01516 |
|  | : | OPINION & ORDER |
| Plaintiff, | : : | [Resolving Doc. 90] |
| vs. | : : |  |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECUIRTY, | : : : |  |
| Defendant. | : : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this class action lawsuit, Plaintiff Stephanie Steigerwald sued Defendant Social Security Commissioner ("Commissioner") claiming the Commissioner failed to properly calculate and pay social security benefits.[1] The Court granted Plaintiff's motion for summary judgment.[2] Class Counsel now moves for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).[3] Defendant opposes.[4]

For the following reasons, the Court **GRANTS in part** Class Counsel's motion for attorney's fees. The Court awards Class Counsel fifteen percent of Plaintiff Steigerwald and the Class Members' past-due benefits.

I. Background

In previous litigation, the Commissioner found that Plaintiff and Class Members were entitled to two retroactive benefits: disability and supplemental security income ("SSI").[5]

---

[1] Doc. 1.
[2] Doc. 88.
[3] Docs. 90, 90-1, 97, 115.
[4] Docs. 95, 116, 169.
[5] Doc. 88 at 1.

Case No. 1:17-cv-01516
GWIN, J.

An SSI recipient's other income affects the amount of supplemental security income they receive.[6] The Commissioner considers disability benefits as income for SSI calculations.[7] For this reason, the Commissioner reduces an SSI recipient's supplemental security income payments to account for their disability income when they qualify for both disability and SSI benefits.[8] This is a "Windfall Offset Calculation."[9]

In the prior litigation, Plaintiff and Class Members retained attorneys to help them obtain their benefits.[10] The Class Members had directed the Commissioner to pay their attorney's fees from their awarded retroactive benefits.[11] The Commissioner then reduced Plaintiff and Class Members' disability benefits to cover the attorney's fees.[12] However, the Commissioner did not account for these reduced disability payments when calculating and disbursing Plaintiff and Class Members' supplemental security income.[13]

In the present litigation, Plaintiff sued Defendant Commissioner, arguing that the Commissioner should have performed the Windfall Offset Calculation twice: first when the Commissioner awarded retroactive benefits, and second when the Commissioner reduced the disability payment to cover the attorney's fees.[14] This second Windfall Offset Calculation is a "Subtraction Recalculation."[15]

---

[6] Doc. 88 at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Doc. 88 at 1.
[11] *Id.*
[12] *Id.* at 4.
[13] *Id.*
[14] Doc. 88 at 3.
[15] *Id.*

Case No. 1:17-cv-01516
GWIN, J.

The Commissioner did not dispute that federal law required them to perform the Subtraction Recalculation and remedy any underpayment.[16]

Therefore, the Court granted Plaintiff's motion for summary judgement.[17] The Court ordered the Commissioner to perform the Subtraction Recalculation and pay any past-due benefits to Plaintiff and Class Members.[18]

As of October 22, 2020, the Commissioner has recalculated 129,009 Class Members' supplemental security income, finding that they underpaid 70,780 Class Members.[19] The Commissioner must pay the underpaid Plaintiff and Class Members approximately $106,800,000.00 in past-due benefits.[20]

Class Counsel moves for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).[21] And the Court previously held that Class Counsel is eligible for such fees.[22]

Class Counsel asks the Court to award them twenty percent of the Class Members' total past-due benefits paid because of this litigation.[23] Defendant Commissioner opposes.[24] The Commissioner asks the Court to award Class Counsel around two percent of the past-due benefits or less.[25]

---

[16] Doc. 88 at 4.
[17] *Id.* at 6.
[18] *Id.* at 9; Doc. 101 at 4.
[19] Doc. 176 at 2.
[20] *Id.*
[21] Doc. 90-1.
[22] Doc. 88 at 9.
[23] Docs. 90, 90-1, 97, 115.
[24] Docs. 95, 116, 169.
[25] Doc. 95 at 13; Doc. 116 at 15.

Case No. 1:17-cv-01516
GWIN, J.

## II. Legal Standard

Section 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment *a reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgement[.][26]

The statute establishes "a cap of twenty-five percent" and requires the court "determine the reasonableness of the award up to that maximum."[27] "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[28]

The court first considers whether the claimant and the claimant's attorney have a contingent fee agreement.[29] In the Sixth Circuit, a valid contingent fee agreement is entitled to a rebuttable presumption of reasonableness, provided it complies with § 406(b)'s twenty-five percent cap.[30] Still, the court may reduce the fee award: (1) for counsel's "improper conduct or ineffectiveness," and (2) when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."[31]

"A hypothetical hourly rate[32] that is less than twice the standard rate[33] is *per se* reasonable,

---

[26] 42 U.S.C. § 406(b)(1)(A).
[27] *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (citing 42 U.S.C. § 406(b)(1)) (internal quotations omitted).
[28] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).
[29] *Id.*
[30] *Rodriquez*, 865 F.2d at 746; *Hayes v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420-21 (6th Cir. 1990); *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).
[31] *Rodriquez*, 865 F.2d at 746.
[32] The hypothetical rate is "determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract[.]" *Hayes*, 923 F.2d at 422.
[33] The standard rate is the amount attorneys generally charge for social security work in the relevant market. *Hayes*, 923 F.2d at 422.

- 4 -

and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."[34]

In the absence of a contingent fee agreement,[35] the court may determine "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits."[36]

### III. Discussion

Class Counsel seeks twenty percent of Plaintiff and Class Members' total past-due benefits or approximately $21,360,000.[37] To support their fee request, Class Counsel argues it has a valid contingent fee agreement with Class Members so a twenty-five percent fee, as provided for in the agreement, is presumed reasonable.[38] Moreover, Class Counsel contends this case was difficult to litigate, attorneys did most of the work, and twenty percent of the claimants' past-due benefits does not constitute a windfall.[39]

In opposition, Defendant Commissioner argues that while Class Counsel had a contingent fee agreement with the named Plaintiff there is no valid contingent fee agreement between Class Counsel and Class Members.[40] The Commissioner contends that in the absence of a contingent fee agreement the Court should calculate reasonable attorney's fees using the lodestar method.[41] Further, the Commissioner contends twenty

---

[34] *Hayes*, 923 F.2d at 422 (emphasis removed).
[35] Contingent fee agreements are "the primary means by which fees are set for successfully representing Social Security Benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. As a result, there are few cases considering how to determine a "reasonable fee" under § 406(b) when the claimant and counsel do not have a fee agreement. *But see Bentley v. Comm'r of Soc. Sec.*, 524 F.Supp.2d 921 (W.D. Mich. 2007); *Artrip v. Colvin*, No. 2:07cv00023, 2013 WL 1399046 at *2 (W.D.Va. April 5, 2013); *Thomas v. Astrue*, 359 Fed.Appx. 968 (11th Cir. 2010) (unreported).
[36] 42 U.S.C. § 406(b)(1)(A).
[37] Docs. 90, 90-1, 97, 115; Doc. 176 at 2.
[38] Doc. 90-1.
[39] *Id.*
[40] Doc. 95.
[41] *Id.*

- 5 -

Case No. 1:17-cv-01516
GWIN, J.

percent of Plaintiff and Class Members' past-due benefits constitutes an impermissible windfall.[42]

### A. Contingent Fee Agreement

Class Counsel argues Class Representative Steigerwald signed a contingent fee agreement on Class Members' behalf. That agreement states in relevant part:

> In the event of a favorable determination, Kelley Drye and Roose & Ressler together intend to charge 25% (twenty-five percent) of your and the class's past due benefits resulting from the Matter, subject to court approval.[43]

The Court finds this contingent fee agreement does not bind Class Members and is not the sort of "arm's length agreement"[44] that is entitled to a rebuttable presumption of reasonableness.[45]

Class Counsel provides no support for its contention that a class representative, by virtue of their position, can unilaterally enter into a contract that binds a class.[46] Moreover, Plaintiff Steigerwald signed the fee agreement more than a year before the Court certified the Class and appointed Steigerwald to act as class representative. Plaintiff Steigerwald could not speak for a class that did not yet exist.

Class Counsel's reliance on *Greenberg v. Colvin*[47] is misplaced. Nothing in that opinion suggests that a class representative's contingent fee agreement can bind absent class members. Instead, the court merely concludes that it could award attorney's fees under § 406(b) even though counsel did not have a valid contingent fee agreement with the class

---

[42] Doc. 95.
[43] Doc. 90-3 at 7.
[44] *Rodriquez*, 865 F.2d at 746.
[45] *Id.*
[46] Doc. 115 at 10–11.
[47] 63 F.Supp.3d 37 (D.D.C. 2014).

- 6 -

Case No. 1:17-cv-01516
GWIN, J.

members.[48] Further, *Greenberg* did not address whether a fee agreement between class counsel and the class representative but not the absent class members is entitled to a rebuttable presumption of reasonableness.[49]

Class Counsel does not have a valid contingent fee agreement with the Class members. For that reason, the twenty-five percent fee award provided for in the agreement between Class Counsel and Class Representative Steigerwald is not entitled to a rebuttable presumption of reasonableness with respect to Class Members.[50]

### B. Reasonable Attorney's Fees

Without a contingent fee agreement, the Court must evaluate Class Counsel's fee request and award a reasonable fee in light of the Supreme Court's *Gisbrecht* decision and relevant Sixth Circuit precedent.

Defendant Commissioner argues that in the absence of a contingent fee agreement the Court must use the lodestar method[51] to determine a reasonable attorney's fees award.[52] Under the lodestar method, the court multiplies the number of hours counsel "reasonably expended on the litigation" by a "reasonable hourly rate."[53] "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[54]

---

[48] *Greenberg*, 63 F.Supp.3d at 51 ("Defendants' argument that an attorney cannot seeks fees from past-due benefits without an individual contingent fee agreement with each class member carries no weight.").
[49] *Id.* at 47–53.
[50] *Rodriquez*, 865 F.2d at 746.
[51] Throughout their briefing, Defendant Commissioner relies on the lodestar method as applied in *Hayes*, 923 F.2d at 422. In that case, the Sixth Circuit established "a multiplier of 2 is appropriate as a floor" for reasonable fees. *Id.*
[52] Doc. 95 at 6.
[53] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[54] *Id.* at 433.

Case No. 1:17-cv-01516
GWIN, J.

The court may "adjust the fee upward or downward" based on "other considerations," "including the important factor of the 'results obtained.'"[55]

While the Court agrees with Defendant Commissioner that it should look at the lodestar calculation as part of its analysis, there is ample reason not to rely on the lodestar alone.[56] As the Supreme Court noted in *Gisbrecht*, "the lodestar method was designed to govern imposition of fees on the losing party."[57] And here, Plaintiff and Class Members, rather than Defendant, will be responsible for Class Counsel's fees.

Moreover, in cases where the losing party pays the prevailing parties fees, "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client."[58] "By contrast, § 406(b) governs the total fee a claimant's attorney may receive for court representation; any endeavor by the claimant's attorney to gain more than that fee, or to charge the claimant a noncontingent fee, is a criminal offense."[59]

In this case, the Court finds it appropriate to use Class Counsel's fee request as a starting point[60] and adjust upward or downward based on the *Gisbrecht* criteria[61] and the

---

[55] *Hensley*, 461 U.S. at 434.
[56] *But see Bentley*, 524 F.Supp.2d at 925 ("In the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the 'lodestar'—the number of hours reasonably expended multiplied by a reasonable hourly rate.") (citing *Hensley*, 461 U.S. at 433); *Artrip*, 2013 WL 1399046, at *2.
[57] *Gisbrecht*, 535 U.S. at 806; *see also Rodriquez*, 865 F.2d at 743–44 ("A social security claimant's attorney fee also differs from the statutory 'fee shifting' types of cases . . . Of paramount importance is the fact that in such cases the opponent pays the fee. In social security cases, the burden of paying the fee always remains with the successful claimant.").
[58] *Gisbrecht*, 535 U.S. at 806 (citations omitted).
[59] *Id*. at 806–807 (citing 42 U.S.C. § 406(b)(2)).
[60] *See Rodriquez*, 865 F.2d at 746 (explaining the twenty-five percent cap in § 406(b) is the "starting point for the court's analysis[.]").
[61] *Gisbrecht*, 535 U.S. at 808 (explaining courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results that representative achieved,"

- 8 -

Case No. 1:17-cv-01516
GWIN, J.

lodestar calculation.[62] Class Counsel "must show that the fee sought is reasonable for the services rendered,"[63] as their fee request is not presumed reasonable.[64] This approach is in line with both Supreme Court and Sixth Circuit precedent on § 406(b).[65]

Beginning with Class Counsel's request, they ask the Court to award them twenty percent of the Plaintiff and Class Members' past-due benefits, about $21 million.[66] To support this request, Class Counsel highlight the difficulty of litigating this case, and that Counsel worked quickly to obtain a favorable result for Plaintiff and the Class.[67]

Defendant Commissioner "does not dispute that the case was difficult or that attorneys performed most of the work."[68] Further, Class Counsel resolved this case fairly fast.[69] And there is nothing to suggest Class Counsel delayed resolution of this case to increase their fee award.[70] Moreover, it is undeniable that Class Counsel achieved a commendable result for Plaintiff Steigerwald and Class Members, recovering more than $100 million for nearly 71,000 claimants.[71] These *Gisbrecht* factors support a higher fee award.[72]

---

"[i]f the attorney is responsible for delay," and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case[.]").
[62] See *Thomas v. Astrue*, 359 F. App'x at 975.
[63] *Gisbrecht*, 535 U.S. at 807.
[64] See *Rodriquez*, 865 F.2d at 746.
[65] See *Gisbrecht*, 535 U.S. at 792–809; *Rodriquez*, 865 F.2d at 746–47; *Hayes*, 923 F.2d at 421–23.
[66] Doc. 90-1; Doc. 176 at 2.
[67] Doc. 90-1 at 9–15.
[68] Doc. 95 at 12.
[69] In July 2017, Plaintiff filed her complaint. Doc. 1. In January 2019, the Court granted Plaintiff's motion for summary judgment. Doc. 88.
[70] See *Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.").
[71] Doc. 176 at 2.
[72] See *Greenberg v. Colvin*, No. 13-1837, 2015 WL 4078042, at *8 (D.D.C. July 1, 2015) ("The Court agrees that the size of the fund and persons benefitted is significant here so as to warrant a higher fee award.").

- 9 -

Case No. 1:17-cv-01516
GWIN, J.

That said, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."[73] Here, Class Counsel spent 2,000 to 3,100 hours on this litigation,[74] equaling a hypothetical hourly rate between $10,680[75] and $6,890[76] per hour.[77] This *Gisbrecht* factor supports a reduced fee award.[78]

Likewise, the lodestar calculation indicates the Court should award Class Counsel a lower percentage of claimants' benefits. The *Hayes* floor for a reasonable fee is between $1.34 million[79] and 2.08 million[80] based on Ohio rates,[81] or a little over one percent to about two percent of the claimants' recovered benefits. If the Court credits Kelley Drye's normal

---

[73] *Gisbrecht*, 535 U.S. at 808.

[74] Class Counsel claims it worked 3,100 on this case. Doc. 90-1; Doc. 90-2 at 9; Doc. 115-1. Defendant Commissioner takes issue with Class Counsels' billing records, urging the Court to disregard all Roose and Ressler hours and discount some Kelley Drye & Warren LLP hours. Doc. 116. The Commissioner asserts Class Counsel's compensable hours are less than 2,000. *Id*. at 14.

The Court will not endeavor to determine how many hours Class Counsel appropriately spent working on this case. Using either Class Counsel or Defendant's hours estimate, the lodestar calculation is considerably lower than Class Counsel's fee request. *See Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant . . ..").

[75] $21,360,000/2,000 hours.
[76] $21,360,000/3,100 hours.
[77] *See Hayes*, 923 F.2d at 422.
[78] *See Greenberg*, 2015 WL 4078042, at *8 (finding a hypothetical hourly rate of more than $3,000 per hour weighed in favor of a smaller fee award for class counsel); *see also Lasley*, 771 F.3d at 310 (finding the district court did not err when it reduced a fee award because the hypothetical hourly rate was more than quadruple the standard rate).
[79] $336 x 2,000 hours x 2.
[80] $336 x 3,100 hours x 2.
[81] The average hourly billing rate for Ohio social security cases is $336. *See* The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2019*, at 45.

Case No. 1:17-cv-01516
GWIN, J.

billing rates,[82] the *Hayes* floor is between $2.5 million[83] and $3.2 million,[84] or a little over two percent to about three percent of claimant's recovered benefits.

Considering the above, the Court awards Class Counsel fifteen percent of Plaintiff and Class Members' past-due benefits, about $15.9 million. The Court finds that a fifteen percent fee award best serves the twin aims of § 406(b), to "protect the social security claimant from the burden of paying excessive attorney's fees" while also "assur[ing] adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation."[85]

Class Counsel was able to recover substantial benefits for Plaintiff and 71,000 Class Members in a year and a half through a single litigation. But charging each Class Member twenty percent of their past due benefits ignores the economies of scale class actions achieve.[86]

At the same time, limiting recovery to the *Hayes* floor, as Defendant Commissioner suggests, is unlikely to encourage attorneys to represent social security claimants in class actions. Instead, it would perversely incentivize lawyers to disaggregate similar claims based on identical theories into many individual suits so they could collect larger total fees.

---

[82] Class Counsel argues the Court should consider Kelley Drye's normal billing rate in the District of Columbia rather than the local rate. Doc. 115 at 9. The Kelley Drye lawyers who worked on this case charge from $580 to $750 per hour for an average hourly billing rate of $665. Doc. 90-2 at 10.

[83] Defendant Commissioner argues the Court should not credit any Roose & Ressler hours. Doc. 116. Class Counsel claims Kelley Drye lawyers spent about 1,860 hours on this case and Doc. 90-2 at 10. Based on a $665 average hourly rate x 1,860 hours x 2, the *Hayes* floor is $2,473,800 for Defendant's hours estimate.

[84] Class Counsel claims Roose & Ressler spent about 1200 hours on this case. Doc. 90-2 at 10. Because Roose & Ressler are local counsel, the Court will rely on the Ohio standard hourly rate of $336. $336 x 1,200 hours x 2 plus $665 x 1,860 x 2 is $3,280,000 for Class Counsel's hours estimate.

[85] *Rodriquez*, 865 F.2d at 744.

[86] Doc. 95 at 13.

Case No. 1:17-cv-01516
GWIN, J.

Finally, a fifteen percent fee award adequately compensates Class Counsel for the work they did on this case and the exemplary result they achieved for Plaintiff Steigerwald and the Class. It is not an impermissible windfall.

### IV. Conclusion

The Court **GRANTS in part** Class Counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). The Court awards Class Counsel fifteen percent of the Plaintiff and Class's past due benefits recovered through this litigation.

IT IS SO ORDERED.

Dated: November 4, 2020           *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE